May it please the Court, the stipulated facts in this case are that A.W. entered the state of Nebraska, is required to register in Minnesota, and did register in Minnesota. Nebraska law requires registration for the sex offender registry of any person who enters the state and is required to register as a sex offender in another state. The Nebraska Supreme Court has described this specific provision as plain, direct, and unambiguous. The Nebraska Supreme Court has also said that an individual's actual registration in another state is conclusive evidence of being, quote, required to register in that state for purposes of applying this provision. Every element of the statute, the specific statute that's been challenged here, has been met and the Nebraska Sex Offender Registry Act applies to A.W. For that reason, we ask this Court today to resolve the remaining legal questions that were presented below. Appellees have agreed there are no genuine issues of material fact and that this case was decided on cross motions for summary judgment with a stipulation of facts. And the reason the state's asking for this is, we're not just talking about one juvenile. I know this case is about one juvenile. But there are approximately 175 juveniles on the Nebraska Sex Offender Registry. They're not all in the same situation as A.W. There are approximately 30 who are. But their names aren't disclosed. If they were in Nebraska, right? Every person on the Nebraska Sex Offender Registry, their name is disclosed, even those juveniles. Publicly? Publicly. Juveniles? Correct. I didn't think that was right. I thought the situation here was that juveniles do not have to register. And in Minnesota, juveniles did have to register, but it wasn't public. And so I think what was troubling Judge Cuff was to say, look, this is it. To require A.W. to register is against Nebraska policy and Minnesota policy, meaning it's a public registration. And so he did what he did to end up where they didn't have to have a public registration. If I might first clarify the issue there, and then I'll get to the second point. Yeah, you better do that. Sure. Juveniles are absolutely on the Nebraska Sex Offender Registry, just not all of them. The distinction here, and that's presented in this case, is juveniles with solely a Nebraska juvenile adjudication for a particular set of crimes. They are not required to register in Nebraska. Okay. But what is absolutely true is every single person, juvenile or not, who enters the state of Nebraska and is required to register someone else, they are required to register in Nebraska. Yeah, if they move into the state, right? Yeah, if they enter the state, they technically don't have to move there. Like this young man did. Yes. Okay, but am I right that if he was a Nebraska resident and committed the crime here, he would not have to register? Generally, yes, if it would have been the exact same crime. And if he still remained in Minnesota, he'd have to register, but it would not be public. Correct, and that's the key there. So I get the differences here. We're going to make it public, which is against Minnesota policy and against Nebraska policy, for this type of a juvenile conviction. And that, I'm sure, is what troubled Judge Kopp, and it certainly troubles me. I think you've accurately characterized the dispute that's before you today. It's not a dispute. It's just a matter of policy. Both states have a policy not to publicly disclose juveniles that have convictions or adjudications like this of their own residents. Correct? Correct, with that caveat, of their own residents. Now, if a Nebraska juvenile committed the same crime, the Nebraska crime, in Minnesota, he would not have to register. But if the Minnesota person who doesn't have to disclose, let's put it that way, that disclosure is the issue, moves to Nebraska, the fact that he's moved over the border into Nebraska then requires him for exactly the same crime that the Nebraska juvenile doesn't have to disclose, but he has to disclose. That's the deal we have right now, right? Not exactly. Your question highlights a very important distinction, and this is the case. If you're a Nebraska resident juvenile, you live here with your parents or for whatever reason, right, and you go on vacation and you commit this exact same crime in Minnesota and you're adjudicated in Minnesota, when you return to Nebraska, you will be required to register in Nebraska. It doesn't matter that you've lived in Nebraska your entire life. Right, but if he doesn't do the switch, the kangaroo hop from Minnesota back to Nebraska. You have a constitutional right to travel in interstate commerce, right? Correct. So this young man from Minnesota had a constitutional right to move to Nebraska, right? Correct, and we didn't prevent him from doing so. But when he moves to Nebraska, he has to disclose his name, and a person exactly in the same position who is a Nebraska resident doesn't have to. Again, I would just slightly dispute the characterization that they're exactly the same because, again, if a Nebraska resident had done the crime in Minnesota, they would have to register in Nebraska. There's two things at play here. So he's penalized for his traveling in interstate commerce, which he has a constitutional right to do, right? I mean, we would argue that he's not being penalized for the travel. I mean, the state of Minnesota has decided. What do you mean he isn't penalized for the travel? He's penalized by having to have his name published in Nebraska, right? Because Nebraska elected to have a single public registry, and there's nothing unconstitutional about that choice. Well, there's the doctrine of constitutional avoidance. You see, the Nebraskan doesn't have to, and because he takes advantage of a constitutional right to travel to Nebraska, you're making him have his name published for exactly the same crime that the Nebraska citizen doesn't, right? Accepting some of the premises in the question, yes. What are they? What are the premises? Again, the distinction on exactly what the crime is if they're convicted as an adult, whether or not the crime was committed in Minnesota or in Nebraska. But we're talking about juvenile. Sure. Juvenile adjudications. Yeah. Correct. Let me ask you this, and it's probably not in the record, but what if he, the same situation but where he was adjudicated, had juvenile adjudication in some state that did not require registration? And I don't know where that'd be, say South Dakota or Iowa or Kansas or someplace. And he comes to Nebraska. Would he have to register in Nebraska? No, at least not under this provision unless he was caught under some other provision, which I don't believe he would be under hypothetical. So it depends on whether he had to register in the state where he had his adjudication. Correct, and part of this gets back to the entire purpose of the federal law was to prevent the jurisdiction jumping. Well, the issue isn't just register. It's disclosure. I mean, in Minnesota they both have to register, but in Minnesota and Nebraska you don't have to be on a register that people can see. Correct. States have chosen both options. Some states have. So it's the disclosure that the Minnesota boy doesn't want to have to do by simply taking advantage of his constitutional right to move to Nebraska. That's correct, and you've actually caught on to something that's – you have to read the pleadings very closely, but he actually doesn't challenge the registration requirement. He's challenging specifically the public notification requirement. Well, that's the problem. Tell us why Judge Kuff's analysis is wrong. Because he did not apply the plain language of Nebraska law that the Nebraska Supreme Court, in this exact situation, granted it was with an adult offender, applied, and they said in this instance the law applies to the individual who's entered the state and was required to register in the other state, the other jurisdiction. There was even a motion to certify a state law question. Well, before I get there, I even have to point out in the district court's order, and it's at JA-416, even the district court agrees that the juvenile was required to register in Minnesota. There's just an apparent conflict with issues you've discussed. Judge Kuff says he was not a sex offender within the meaning of subdivision 1A-4. Why is he wrong? First of all, sex offender is not defined in Nebraska law. Well, why is his interpreting Nebraska law, why is his interpretation unreasonable or illegal or whatever? A number of reasons. First of all, there's really no dispute that this individual is a sex offender in Minnesota. In Minnesota, they call it the predatory offender registry. But repeatedly, even the sentencing order, the adjudication order here, references this individual as a sex offender. Again, I go back to the district court agreed that he was required to register, and under Nebraska law, the fact that he was required to register and then did register is, quote, conclusive evidence of being required to register within this section. Well, if there's no definition of sex offender, is that vague, unconstitutionally vague? Well, Judge Kuff tries to make a distinction by pointing to other portions of the statute where it specifically references a conviction and says, well, they must have meant that. But the two things I would highlight there is, one, if they did, why didn't they put conviction in this section? And two, when this law was passed, the superintendent of the state patrol testified to the legislature and specifically told them this is what was happening and this was what was going to happen under this specific subdivision, and they didn't change it. They actually left it in the bill and passed it. You know, it seems that this is contrary to the policy of both Nebraska and Minnesota, and I just wonder, and you don't need to answer this, why the state of Nebraska is pushing this and just not looking the other way, you know, good old police discretion? We're trying to apply the plain language of the law as written, and as I just highlighted, multiple instances the state patrols informed the legislature that, you know, this is the way it's written and this is the way it's being applied, and they haven't changed it. And so we don't feel like we can just unilaterally disregard that provision that requires registration in this instance. Well, a juvenile adjudicated delinquent in Nebraska, this is SORNA, isn't it, that has to comply with, is not subject to SORNA, but for a juvenile adjudicated delinquent in Minnesota who moves to Nebraska is subject to SORNA, right? That's the only, that's the difference here, right? Correct. A juvenile adjudicated delinquent in any other state that then requires sex offender registration, if they move to Nebraska, or if they enter, actually, and then they reside there for three days. The function, at the bottom line, the functioning of the Nebraska Act vis-à-vis the Minnesotan prohibits him from traveling interstate commerce if he wishes to avoid publishing his name under SORNA, right? Well, there's a couple issues here. First of all, I don't want to get into the lengthy history as this relates to the interstate compact, but he elected to transfer to Nebraska and under the terms of the compact. Under the Constitution, he can elect to go to Nebraska or wherever he wants to, and he has a constitutional right to do that. Absolutely. And so you're pushing him into a, with a Nebraska statute, you're pushing him into prohibiting him from exercising a constitutional right, in my view. I understand.  Certainly. Thank you. Hey, Mr. Weir, good morning. Good morning. May it please the Court. Joshua Weir, appearing on behalf of the Plaintiff Appellee A.W., as well as his custodial grandparents, John and Jane Doe. The facts of this case have already been discussed before I get up here, but essentially A.W. was a juvenile, and he was accused of committing an act at age 11 in the state of Minnesota. A petition was filed, and he went through juvenile proceedings within the state of Minnesota, and at the time that the accusations were made, he was removed from his parental home and sent to live in the state of Nebraska with his grandparents during the pendency of the proceedings. Ultimately, at the end of those proceedings, he was adjudicated delinquent in the state of Minnesota. Now, Minnesota has what they call a predatory offender registry. When you say removed, he was removed by his parents and moved down to Nebraska to live with his grandparents. Well, it's unclear if that was from the court or if that came from his parents. The accusation involved a, and this isn't part of the record, it involved a step family member, so he was removed from the house where he was residing with the other individual. So there may have been a court order. It may have been. I don't know how he was placed, but he was sent because there was a stable family environment in Red Willow, Nebraska with his grandparents, or Red Willow County. Now, Minnesota has termed their registry the predatory offender registry. It's compliant with the federal SORNA, but that's just the name that they give to it. Now, specifically, and this is in the district court's order, that Minnesota specifically provides that a person with a delinquency adjudication does not meet the definition of a predatory offender. So in our parlance, that means that it does not meet the definition of a sex offender in the state of Nebraska. Now, the state of Minnesota makes an explicit, unequivocal distinction between predatory offenders and juvenile delinquents. Now, the act that requires a juvenile delinquent to register, basically it fills out a form and it's sent to an individual with law enforcement. But they are not subject to all of the other provisions of the predator offender registry of Minnesota. They make the same distinction that Nebraska has made. They have made it explicit that these people are not, or juveniles are not predatory offenders. So Nebraska Sex Offender Registry Act 29-4003 1A4 applies to any person who on or after January 1, 1997, enters the state. A.W. entered the state. He was sent to live with his grandparents. He is required to register, and we don't doubt that he was required to register. He filled out a registration form. But then the next says, as a sex offender. Now, Judge Cuff noted that as a sex offender was not defined in the state of Nebraska. So for our purposes here today, there's two questions. One, registry, and two, as a sex offender. And so for someone to enter the state after 1997 and have to register as a sex offender, that means they have to meet the definition of a sex offender. Now, the appellants, defendants in this case, have completely read out of that requirement as a sex offender. Now, plaintiff appellees moved for summary judgment. The first basis of their claim was that the plain reading of the statute as a whole, a sex offender does not apply to a juvenile adjudication. And the district court in this case agreed. And his analysis that he used to reach that determination starts with State v. Norman, 808 NW 2nd 48, a Nebraska Supreme Court case from 2012. And it says sex offender is not specifically defined in SORA. However, then they determine that persons who stand convicted, this is the key distinction, conviction versus juvenile adjudication. Conviction is what we're familiar with. It comes with all the constitutional guarantees of an adult court. A juvenile adjudication is different. Every state in the nation, every court has recognized the difference between juvenile courts and adult courts. He also looked at the Nebraska Administrative Code, Section .002.26. It also required a conviction. He looked at another area of the law, the Sexual Predator Residency Restriction Act at 294015 to 4017 required a conviction. He looked at the juvenile court, 43-280. No adjudication by the juvenile court shall be deemed a conviction, nor shall the adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction. Now, the one instance where we have a different definition is the federal SORNA. And they say that it can include a juvenile adjudication, but only if an individual is younger than 14 and only if it involves an aggravated offense. So that's a specific definition within federal SORNA. That's the only time that adjudication is ever mentioned. And Judge Cuff deals with that. He also cites Merriam-Webster, the Free Dictionary, West Encyclopedia of American Law, all coming to the same conclusion that sex offender requires conviction. And then he also looks to Minnesota law. They have similar juvenile provisions that an adjudication does not mean conviction, and they've got the provisions that said that a juvenile delinquent does not equal a predatory offender. So after all of that, he also analyzed another section of SORNA, 29-4005, where it sets out the periods of registration for individuals. And each of those periods is dependent upon the record of conviction. So for all of the foregoing reasons, he determined that a sex offender in Nebraska requires a conviction. And he said even if he found the term sex offender ambiguous, he would reach the same result because it was contrary to the clear legislative intent in this case. When the legislature discussed this, they talked, we do not apply this to juveniles. They had an opportunity for certain federal funds pursuant to grant money that was available to them if they made a juvenile registry, and they rejected that. So for all of the foregoing reasons, Judge Cuff determined that a juvenile adjudication does not classify as a sex offender. So although A.W. had to register in the state of Minnesota, he did not have to register as either a predatory offender or a sex offender. And he determined that plaintiff apologies were entitled to summary judgment in this case. I read his opinion, but let me ask you this. Did you raise and was it argued any constitutional issues, interference in interstate commerce or a void for vagueness, anything like that? That's how this case began. It was filed as a 1983 action. First Amendment claims, Eighth Amendment claims, due process claims, but the doctrine of constitutional voidance is to address the meaning of the statute first, so that was the issue that was addressed first, and that's where Judge Cuff came down. All of those issues were raised by plaintiff apologies. But essentially, for all intents and purposes, both statutes are the same, except the underlying statutes are the same. Yes, Minnesota and Nebraska have both chosen to treat juvenile delinquents differently. Differently, but the same way as between the two states. The same as between the two states, that's correct. Right. And with that, if there are no further questions, thank you. Okay. Mr. Poste, I believe you have some time left. I just want to highlight a couple things very quickly. I just want to point out again, this was a stipulated record, and it was stipulated that A.W. registered as a predatory offender in Minnesota. That isn't in dispute. Secondly, on the rights to travel argument, I understand the judge's point, but I would reference the court to Doe v. Miller from this court, 405F3D700. Thirdly, the Norman case, that has been referenced repeatedly. It just simply doesn't apply here. Remember, Norman was about a different subsection of Nebraska law that specifically referenced convictions, so it isn't all that surprising that the Nebraska Supreme Court talked about convictions when that subsection referenced convictions. The subsection before us today does not. And lastly, I do need to close the loop a little bit on why Nebraska has this provision. It's the same reason we have the entire sex offender registry, which are to alert the public, public safety, and to, well, in part, put us in compliance with federal law. Are there no further questions? Thank you both. Thank you both for your arguments. It's important. It involves one person, but it's very important to that person, I'm sure, and to the state of Nebraska. So we thank you for your arguments. We'll take it under advisement. Thank you.